IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENERAL CHARLES E. "CHUCK" YEAGER (RET.), | |
| Plaintiff, | No. CIV S-10-2055 JAM EFB |
| vs. | |
| AVIAT AIRCRAFT, INC., and STUART HORN, | |
| Defendants. | ORDER |

On October 19, 2011, defendants filed a motion for reimbursement of a $9500.00 expert fee paid by defendants to plaintiff's expert Jon Albert for his deposition. Dckt. No. 73. The motion was originally noticed for hearing before the assigned district judge, but the district judge issued a minute order on October 20, 2011 directing defendants to re-notice the motion before the undersigned pursuant to Local Rule 302(c)(1), which provides that discovery motions are to be heard by the assigned magistrate judge. Dckt. No. 74 ("Defendant's Motion for Reimbursement of Expert Fees has been mis-calendared before Judge Mendez, and as a consequence will not be calendared for hearing nor be heard by Judge Mendez on December 7, 2011. The motion, under Local Rule 302(c)(1), should be noticed for hearing before the Hon. Edmund F. Brennan, U.S. Magistrate Judge."). Defendants then re-noticed the motion for a

hearing before the undersigned on November 30, 2011.  Dckt. No. 75.

However, the discovery deadline in this case was August 31, 2011.  *See* Oct. 7, 2010 Status (Pretrial Scheduling) Order, Dckt. No. 24.  That deadline has now passed and discovery is closed.  As set forth in the Status (Pretrial Scheduling) Order, the discovery deadline is the date on which all discovery is to be "completed," which "means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with."  *Id*. at 3.  Although defendants contend that "the parties agreed to extend [the discovery completion] date" and that defendants therefore noticed Albert's deposition for September 27, 2011, Dckt. No. 73-1 at 3, that agreement by itself does not modify the district judge's order setting the discovery cut-off date of August 31, 2011.  The undersigned has no authority to consider a discovery motion after the close of discovery.[1]  While defendants may file either a stipulation and proposed order or a motion to modify the scheduling order, the stipulation must be approved or the motion must be heard and decided by the district judge.  Accordingly, defendants' motion for reimbursement of expert fees, Dckt. No. 73, is denied without prejudice.

SO ORDERED.

DATED: October 20, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] When parties agree to conduct discovery beyond the discovery completion deadline set by the court, they do so with the risk that the court will not decide any disputes relating to that discovery.

2